[No. 10,940. Department Two. — April 1, 1884.] '

## THE PEOPLE, RESPONDENT, *v.* WILLIAM EHRING, APPELLANT.

CRIMINAL LAW — EVIDENCE — RES GESTÆ — ROBBERY. — Defendant was charged with robbery. The prosecution was permitted to introduce evidence of a statement made by the person alleged to have been robbed, that he had been "knocked down and robbed." The statement did not show of what he had been robbed, or who had knocked him down and robbed him, and was made some time after the occurrence, and not in the presence of the defendant. The person alleged to have been robbed testified that he thought he had been knocked down and that his watch had been taken from him, but was not certain. He did not state when, where, or by whom the alleged robbery was committed. *Held,* that the admission of the evidence as to the statement was erroneous.

APPEAL from a judgment of the Superior Court of Stanislaus County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*L. J. Maddux,* and *R. C. Minor,* for Respondent.

*Geo. A. Whitby,* for Appellant.

SHARPSTEIN, J. — The court erred in admitting evidence of a statement made by Pinkston, the person alleged to have been robbed by the defendant, to the witness Dallas. The statement

was not made in the presence of the defendant, and there is nothing in the record which shows that it was anything more than a mere narrative of a past occurrence. It was an isolated conversation held between Pinkston and the witness, some time after the events narrated had transpired, but how long after does not appear. Pinkston, when on the witness stand, did not attempt to state when, where, or by whom the alleged robbery was committed.

He testified that he had a watch at 11 A. M., and between 1 and 2 P. M. he missed it. He thought that he had been knocked down, and that the watch had been taken from him without his consent. But of that he was not positive. This was what he stated *when under oath.* The prosecution was permitted to prove that, *when not under oath,* he had *positively* stated he had been "knocked down and robbed." It does not appear that he then stated what he had been robbed of, or who had knocked him down and robbed him.

This illustrates very clearly the objection to the admission of such evidence. Judges and law-writers have differed as to when statements must be made in order to be admissible in evidence as part of the *res gestæ.* But so far as we are advised, there is no reported case in which such evidence has ever been admitted under circumstances at all similar to those under which it was admitted in this case.

Judgment and order reversed.

THORNTON, J., and MYRICK, J., concurred.